**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MONICA JONES,  CASE NO.:

    Plaintiff,

v.

WAL-MART ASSOCIATES, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL WITH DECLARATORY AND INJUNCTIVE RELIEF REQUESTED**

Plaintiff, MONICA JONES ("Ms. Jones" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("the FMLA"), seeking recovery from WAL-MART ASSOCIATES, INC. ("WM" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

**PARTIES, JURISDICTION, AND VENUE**

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Duval County, Florida.

3. Defendant is a foreign profit corporation that is located in Duval County, Florida, and does business throughout the state of Florida including Duval County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Duval County, Florida, and therefore the proper venue for this case is the Jacksonville Division of the Middle District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## **FACTUAL ALLEGATIONS**

7.     Ms. Jones worked for WM, most recently in Prepared Foods at its Sam's Club location on Busch Drive in Jacksonville, Florida, from June 19, 2011, until her termination on January 13, 2021.

8.     During her many years with WM, Ms. Jones was obviously an excellent and reliable employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

9.     Unfortunately, in the fall of 2020, Ms. Jones experienced symptoms of a disability and serious health condition, specifically ligament tears in her knee.

10.    Ms. Jones promptly disclosed her disability and serious health condition to WM, and applied (and was approved for) a period of continuous unpaid FMLA leave in order to have surgery on the knee and to recover from the surgery, to treat and address the condition.

11.    Ms. Jones underwent her knee surgery on November 3, 2020.

12.    Ms. Jones informed her treating physician that she planned to return to work from leave on January 2, 2021.

13.    Ms. Jones's physician advised against this, stating that January 2, 2021, was too soon for her to attempt to return to work.

14.    Ms. Jones nevertheless returned to work at WM on January 2, 2021.

3

15. Unfortunately, as feared by her treating physician, Ms. Jones quickly experienced pain, swelling, and immobility in her recently-repaired knee.

16. Ms. Jones swiftly advised WM's management and FMLA coordinator, Sedgwick, of her need for further unpaid FMLA leave in order to treat and address her disability and serious health condition, and provided Sedgwick the required medical certification from her treating physician.

17. Nevertheless, on January 15, 2021, one of Ms. Jones's Supervisors at WM, Brenda, informed Ms. Jones that WM had terminated her employment.

18. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Jones notifying WM of her serious health conditions, and in retaliation for Ms. Jones utilizing or attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

19. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

20. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

21. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

22. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone

demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

23. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

24. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

25. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

26. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

27. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

28. At all times relevant hereto, Plaintiff was protected by the FMLA.

29. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

30. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide Plaintiff FMLA paperwork or inform her of her rights and obligations under the FMLA in response to her disclosure of her serious health conditions, by refusing to allow Plaintiff to exercise her FMLA rights freely, and by failing to reinstate Plaintiff to a substantially similar position she worked in prior to taking FMLA leave.

31. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

32. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA**

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26, above.

34. At all times relevant hereto, Plaintiff was protected by the FMLA.

35. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

36. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for applying or attempting to apply for FMLA leave and for utilizing or attempting to utilize what should have been FMLA-protected leave.

37. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

38. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

39. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 13th day of January, 2023.

>Respectfully Submitted,
>
>**/s/ Noah E. Storch**
>Noah E. Storch, Esq.
>Florida Bar No. 0085476
>RICHARD CELLER LEGAL, P.A.
>10368 W. SR. 84, Suite 103
>Davie, Florida 33324
>Telephone: (866) 344-9243
>Facsimile:  (954) 337-2771
>E-mail: **noah@floridaovertimelawyer.com**
>
>*Attorneys for Plaintiff*